UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL VAZQUEZ,

    Plaintiff,

v.

LOANDEPOT.COM, LLC; and
EQUIFAX INFORMATION SERVICES, LLC,

    Defendants.

Case No.: 1:23-cv-22206

**Complaint for Damages:**
    **Violation of Fair Credit Reporting Act**

Plaintiff, Michael Vazquez, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.    INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on his consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.    PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Atlantic, New Jersey.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(3).

4. Defendant, LoanDepot.com, LLC ("LoanDepot") is and at all times relevant hereto was, a lending institution regularly doing business in the State of New Jersey.

5. At all times pertinent hereto, Defendant LoanDepot is a "person" as that term is defined in 15 U.S.C. §1681a(b), and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6. Defendant LoanDepot was at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendants LoanDepot is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Equifax Information Services, LLC ("Equifax"), is a credit reporting agency, licensed to do business in New Jersey.

9. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of New Jersey.

10. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

11. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

12. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.   JURISDICTION AND VENUE

13. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

14. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Atlantic County, New Jersey and Defendants do business in New Jersey.

15. Personal jurisdiction exists over Defendants as Plaintiff resides in New Jersey, Defendants have the necessary minimum contacts with the state of New Jersey, and this suit arises out of specific conduct with Plaintiff in New Jersey.

### IV.   FACTUAL ALLEGATIONS

16. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants LoanDepot and Equifax (collectively, "Defendants"), and has suffered particularized and concrete harm.

17. Equifax, Experian and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

18. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

19. Experian, Equifax and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

20. Plaintiff discovered a LoanDepot account LOANDEPOT last four -0003 (the "Account") reporting on his Equifax credit report in error.

21. The Account reports a late balance due and owing with a derogatory collection charge-off status in error.

22. During the course of repayment of the Account, Plaintiff entered into a settlement agreement with CKS Prime Investments LLC for full and final settlement of Plaintiff's obligation with respect to the Account.

23. In spite of receiving the full benefit of payment in full on the Account, and releasing Plaintiff from liability on the Account, Defendant LoanDepot continued, erroneously, to report a balance due and owing with derogatory charge-off status on the Account to Equifax.

24. The false information regarding the Account appearing on Plaintiff's consumer report harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

**PLAINTIFF'S WRITTEN DISPUTE**

25. On or about September 14, 2023, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Equifax consumer report.

26. Upon information and belief Equifax forwarded Plaintiff's Equifax Dispute to Defendant LoanDepot.

27. Upon information and belief, LoanDepot received notification of Plaintiff's

Equifax Dispute from Equifax.

28. Upon information and belief, LoanDepot verified the erroneous information associated with the Account to Equifax.

29. LoanDepot failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

30. Equifax did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

31. Upon information and belief, LoanDepot failed to instruct Equifax to remove the false information regarding the Account reporting on Plaintiff's consumer reports.

32. Equifax employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Equifax Dispute.

33. At no point after receiving the Equifax Dispute did LoanDepot and Equifax communicate with Plaintiff to determine the veracity and extent of Plaintiff's Equifax Dispute.

34. Equifax relied on their own judgment and the information provided to them by LoanDepot rather than grant credence to the information provided by Plaintiff.

35. The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Account.

36. Plaintiff has lost time working to resolve the adverse information associated with the Account to prevent harm.

## COUNT I – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

37. Plaintiff re-alleges and reaffirms the above paragraphs 1-36 as though fully

set forth herein.

38. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

39. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

40. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

41. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

42. In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

43. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

44. Plaintiff re-alleges and reaffirms the above paragraphs 1-36 as though fully set forth herein.

45. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

46. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable

procedures with which to filter and verify disputed information in Plaintiff's credit files.

47. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

48. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

49. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

50. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – LOANDEPOT
## Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

51. Plaintiff re-alleges and reaffirms the above paragraphs 1-36 as though fully set forth herein.

52. After receiving the Equifax Dispute, LoanDepot failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

53. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant LoanDepot's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant LoanDepot's representations to consumer credit reporting agencies, among other unlawful conduct.

54. As a result of this conduct, action, and inaction of Defendant LoanDepot, Plaintiff suffered damages, and continues to suffer, actual damages, including economic

loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

55. Defendant LoanDepot's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

56. In the alternative, Defendant LoanDepot was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

57. Plaintiff is entitled to recover costs and attorneys' fees from Defendant LoanDepot pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks their statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Trial by jury;

B. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

C. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

D. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

E. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted November 9, 2023.

By: */s/ Kristen Morris*
Kristen Morris, Esquire

23 Mays Landing Road #6
Somers Point NJ 08244
Telephone: (609) 204-5316
Fax: (602) 218-4447
Attorney for Plaintiff